NO. 07-05-0152-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 12, 2006


______________________________



VICTOR ALFONSO NORDIN, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 174TH DISTRICT COURT OF HARRIS COUNTY;



NO. 987,352; HON. GEORGE H. GODWIN, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

 Victor Alfonso Nordin (appellant) appeals his conviction for aggravated assault. The
victim and primary witness against him was his wife. At trial, she testified that she and
appellant quarreled about her moving from their house to a nearby trailer. Appellant
directed her to move so that he could live in the house with his girlfriend (who previously
lived in the trailer). During the argument, according to his wife, appellant "grabbed her by
the hair," dragged her from the house, drew what she thought to be a gun (though she did
not see it), placed the object next to her head, pulled the trigger once only to have the
weapon misfire, and pulled the trigger again. Appellant's wife heard the gun "click" the first
time the trigger was pulled. The second time it was pulled, however, she heard a report
sufficiently loud to make her ears ring. At that point, appellant stated that she was "lucky
the first one didn't go off because [he] was aiming at [her] head." After the jury heard this
testimony and convicted appellant, the victim executed an affidavit wherein she stated that
aspects of her trial testimony were "false." Allegedly, appellant had no gun and did not
threaten her with one, she uttered therein. This attestation became the substance of
appellant's motion for new trial, which the trial court overruled. This appeal concerns the
decision to overrule the motion. Appellant contends that the trial court erred in doing so
given the newly available evidence of recantation. We overrule the issue and affirm the
judgment.

 While the recantation of material testimony may warrant a new trial, see Keeter v.
State, 74 S.W.3d 31, 37-38 (Tex. Crim. App. 2002) (stating that a new trial should be
granted under those circumstances), there are exceptions to this rule. One such exception
arises when the record provides the trial court "some basis for disbelieving the testimony"
of the recanting witness. Id. at 38. Moreover, such evidence may consist, for instance, of
pressure from family members, or indication that part of the recantation testimony itself
was false. Id. at 38-39. And, if such evidence exists, the trial court does not abuse its
discretion in denying a new trial.

 Here, the record contains evidence depicting the victim as someone susceptible to
manipulation; after all, appellant convinced her to allow him to have and live with a
girlfriend while the two were still married. Other evidence illustrates that appellant's father
informed her (before trial) that she "better drop the charges or he was going to bring hell
down on" her. Appellant himself also directed the victim (pretrial) to "change [her]
statement and say that [she] was drugged up . . . ." Other record excerpts indicate that she
once modified, before trial, her version of what actually occurred because she was
"scared." 

 Nor can we ignore the difference between the contents of the victim's post-trial
affidavit and her testimony at the hearing on appellant's motion for new trial. In the former,
she uttered that appellant had no gun and did not threaten her with one. Yet, at the
hearing, the victim said that she did not know if he had a gun and could not "recall." Her
lacking the ability to "recall" what occurred is quite different than knowing he had no gun
and never threatened her with it. And, given the difference between her comments, it can
be said that the victim cast the credibility of her recantation into doubt.

 Simply put, the record provides some basis to disbelieve the victim's recantation. 
Thus, the trial court did not abuse its discretion in denying appellant a new trial. 

 The judgment is affirmed.

 Brian Quinn

 Chief Justice


Do not publish. 

 



;         Appellant Carlos Jose Cordova filed his notices of appeal on March 28, 2008 from
his convictions of the offense of aggravated robbery and the imposed concurrent
sentences of forty-five years in the Institutional Division of the Texas Department of
Criminal Justice. On February 29, 2008, the trial court filed its certifications representing
that appellant has the right of appeal. However, the appellate record reflects that appellant
failed to sign the certifications as required under Texas Rules of Appellate Procedure
25.2(d).


 See Tex. R. App. P. 25.2(d) (requiring the certification to be signed by appellant
and a copy served on him).
          Consequently, we abate the appeals and remand the causes to the 223rd District
Court of Gray County for further proceedings. On remand, the trial court shall utilize
whatever means it finds necessary to determine whether appellant desires to prosecute
the appeals and, if so, to obtain his signature on an amended trial court’s certification for
each cause.
          If necessary, the trial court shall execute findings of fact, conclusions of law, and any
necessary orders it may enter regarding the aforementioned issues and cause its findings,
conclusions, and orders, if any, to be included in a supplemental clerk’s record. The trial
court shall file the supplemental clerk’s record and the supplemental reporter’s record, if
any, with the Clerk of this Court by July 25, 2008.
 
                                                                                                 Per Curiam
 
Do not publish.